Robert STEPHENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–8808–CR–718.

Supreme Court of Indiana.

July 26, 1989.

felony, and Criminal Recklessness, a Class C felony. The trial judge merged the two convictions and sentenced appellant to thirty (30) years on the Attempted Murder conviction.

The facts are: Appellant and the victim were co-workers at Manor's Lounge in Muncie, Indiana. On the night of July 20, 1987, they had a few drinks together after they got off work. They then went to the home of a waitress with whom they worked, where they continued to drink. Sometime between 4:30 and 5:00 a.m., they returned to appellant's home and it was agreed that the victim would sleep there as he had to be at work early the next morning at the lounge, which was only a short distance away.

Up to this point, the testimony of appellant and the victim is substantially the same. The victim testified that he dozed off on the couch, and when he awoke, appellant was screaming at him, and hitting him. Appellant then put a gun against his temple, stuck the muzzle of the gun in his mouth, stepped back, and shot him in the neck. The wound the victim received paralyzed him for life. Appellant then started choking the victim, but when he saw blood on his hands, he suddenly stopped, went to the telephone, and called the 911 number for assistance.

Appellant's version of the occurrence was that while he was removing a handgun from his pants the weapon accidentally discharged striking the victim in the neck. He stated that when he perceived the victim had been wounded, he attempted to stop the blood flow from the victim's neck and then called for help.

Appellant claims he was denied effective counsel in that his counsel did not petition the court for a mental examination of appellant. Appellant's sister testified that she went to appellant's counsel before trial and told him that appellant had been diagnosed as a schizophrenic as a child and asked him to obtain appellant's medical records from Riley Hospital in Indianapolis. However, counsel told her that he had talked with appellant and found him to be

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A

quite rational. He felt that it would be a mistake to attempt to invoke the defense of insanity.

Appellant further bolsters his argument by stating that his testimony at trial was rambling and unresponsive at times to such an extent that it was a major contributing factor to his conviction.

The State takes the opposite position concerning the nature of appellant's testimony at trial. We have examined the record to determine the exact nature of appellant's testimony. We have found appellant's testimony to be quite rational. He testified that he had graduated from the twelfth grade and had approximately fifty hours of credit at Ball State University. He had held responsible positions for a number of years. He gives a very coherent account of his version of the occurrences which led to his conviction. The testimony of the victim and appellant placed the factual issues squarely before the jury for their determination. This Court will not invade the province of the jury and attempt to second-guess them as to who should be believed and who should not be believed when there is such conflict in the evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The testimony of the victim is sufficient to support the verdict of the jury in this case.

After appellant had testified, a doctor, who had examined appellant, was called by his counsel as a witness. He testified that in his opinion the level of schizophrenia and the presence of other mental illness was not of such an extent that appellant's act could be excused. He did state, however, that appellant had a great deal of trouble focusing, that he was confused, that he had thought disorder, and that he was unable to respond to questions. He stated that in his opinion appellant was not capable of testifying because of his mental condition. This is remarkable in view of the fact that appellant had just finished testifying at some length. His testimony covers some one hundred pages in the transcript.

Although counsel had considerable information furnished to him concerning appellant's mental condition, he had the responsibility of making the choice as to the best defense to present on appellant's behalf. In a situation of this sort, one can always hypothesize that had appellant's counsel taken a different approach to defense it might have been more successful. We do not see sufficient evidence in this record to override the strong presumption that counsel rendered adequate legal assistance. *Aubrey v. State* (1985), Ind., 478 N.E.2d 70.

In the case at bar, appellant's sister testified concerning his childhood diagnosis as a schizophrenic. The doctor who examined appellant testified in detail before the jury concerning his findings, and appellant himself testified at length in the presence of the jury. Even if we were to assume for the sake of argument that the attorney should have invoked the defense of insanity, we cannot say that his failure to do so deprived the jury of evidence concerning the state of appellant's mental health. The evidence is sufficient in this record to support a finding that although appellant suffered from mental illness, it was not of such an extent that he was unable to form the necessary *mens rea* to hold him accountable for the attack upon the victim. We cannot say that the manner in which counsel chose to proceed in defending appellant was such that appellant was deprived of effective counsel.

Appellant also claims the evidence is insufficient because the victim testified that appellant "just went crazy" and "I don't think he knew he shot me." He thus states that the testimony of the only witness to the attack was to the effect that he in fact was not competent to form the *mens rea* at the time. Here again, appellant is asking this Court to weigh the evidence and come to the opposite conclusion of that of the jury. This we will not do. *Alfaro, supra.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.