**Ruth HAWKINS, as Guardian of Keith L. Lewis, Appellant (Defendant),**

v.

**AUTO–OWNERS (MUTUAL) INSUR-ANCE COMPANY, and Robert D. Stephens, Appellees (Plaintiff, Defendant).**

No. 18A02–9005–CV–287.

Court of Appeals of Indiana, Second District.

Oct. 2, 1991.

John O. Moss, Indianapolis, for appellant.

Donald K. McClellan, McClellan, McClellan, Brooke & Arnold, Muncie, for appellee Auto–Owners Ins.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant Ruth Hawkins (Hawkins), as guardian of Keith Lewis (Lewis), appeals from the trial court's entry of judgment in favor of plaintiff-appellee Auto–Owners Mutual Insurance Company (Auto–Owners), claiming that the trial court erred when it entered judgment for Auto–Owners without a trial after denying Auto–Owners' motion for summary judgment, that the trial court erred when it failed to disqualify Auto–Owners' attorney, and that the trial court erred when it denied her motion to dismiss Auto–Owners' declaratory judgment action due to the pendency of another action.

We reverse in part and affirm in part.

## FACTS

The facts most favorable to the trial court's judgment reveal that on July 20, 1987, Lewis was shot by Robert Stephens in Stephens' home. Stephens was subsequently convicted of attempted murder, and his conviction was affirmed by our Supreme Court. *Stephens v. State* (1989), Ind., 541 N.E.2d 280. Hawkins, as Lewis' guardian, brought suit against Stephens in the Delaware Superior Court alleging that Stephens negligently shot Lewis.

While that action was pending, Auto–Owners, Stephens' insurer, brought a declaratory judgment action in the trial court (the Delaware Circuit Court) against Stephens and Hawkins, acting as Lewis' guardian. Auto–Owners was seeking to establish that Stephens had intentionally shot Lewis and that Auto–Owners was therefore not liable for Lewis' injuries under Stephens' insurance policy with Auto–Owners, which excludes: "bodily injury or property damage expected or intended by an insured person." *Record* at 44. Hawkins moved to dismiss the declaratory judgment action because of her pending suit in the Superior Court. Auto–Owners moved for summary judgment.

On February 28, 1990, the trial court entered its judgment. The trial court entered default judgment against Stephens because he had not made an appearance in the case. The trial court denied Hawkins' motion to dismiss and Auto–Owners' motion for summary judgment. The trial court determined that a genuine issue of material fact existed as to whether Stephens' conduct was intentional or negligent. The trial court then entered a judgment on the merits in favor of Auto–Own-

ers. The trial court considered the transcript of Stephens' criminal trial [1] and concluded that based on that evidence, Stephens had intentionally shot Lewis.

Hawkins filed a motion to correct errors and a motion to disqualify Auto–Owners' attorney on the basis that the attorney had entered an appearance for Stephens in Hawkins' pending negligence action. Auto–Owners' attorney withdrew seven days after making his appearance. Hawkins' motion also alleged that the attorney had represented the State of Indiana as a deputy prosecutor in the criminal prosecution of Stephens and that Lewis had been deposed in that case. Hawkins claimed the attorney should have been disqualified because he might have obtained confidential information from Stephens and because the attorney had represented Lewis in the criminal case. The trial court denied Hawkins' motions.

### ISSUES

1. Whether the trial court erred when it entered judgment for Auto–Owners?

2. Whether the trial court erred when it denied Hawkins' motion to dismiss?

3. Whether the trial court erred when it denied Hawkins' motion to disqualify Auto–Owners' attorney?

### DECISION

ISSUE ONE—Did the trial court err when it entered judgment for Auto–Owners?

PARTIES' CONTENTIONS—Hawkins argues that after the trial court determined summary judgment was inappropriate, because a genuine issue of material fact existed as to whether Stephens intentionally shot Lewis, it was improper for the trial court to decide that genuine issue of fact without holding a trial. Auto–Owners replies that the trial court's judgment was supported by the evidence.

CONCLUSION—The trial court erred when it entered judgment without conducting a trial.

■ The trial court's action in denying summary judgment because a genuine issue of material fact existed and then jumping the gap between denial of summary judgment and trial of the issue presented by then deciding the issue, is somewhat puzzling. It is true that summary judgment is inappropriate when material facts are in dispute, *Bochnowski v. Peoples Federal S. & L.* (1991), Ind., 571 N.E.2d 282, and even if the trial court believes the nonmovant will not succeed at trial, summary judgment is improper if material facts conflict. *Travel Craft, Inc. v. Wilhelm Mende GmbH & Co.* (1990), Ind., 552 N.E.2d 443.

■ Here, the trial court correctly decided that a genuine issue of material fact existed, but then went further. Auto–Owners claims summary judgment was appropriate, relying on *Allstate Ins. Co. v. Herman* (1990), Ind., 551 N.E.2d 844.

In *Allstate,* the Supreme Court concluded that the trial court erred when it failed to grant the insurance company's motion for summary judgment under a similar factual situation. The Supreme Court reached that conclusion because the insured admitted that he intentionally fired a shot at a group of people. The insured's policy contained an exclusion like the one in Stephens' policy with Auto–Owners. The Court reasoned the admittedly intentional act precluded coverage under the insurance policy.

In sharp contrast, the evidence here indicates that the insured, Stephens, claimed the gun discharged accidentally, not intentionally. In affirming Stephens' conviction for attempted murder, the Supreme Court observed: "Appellant's version of the occurrence was that while he was removing a handgun from his pants the weapon accidentally discharged striking the victim in the neck." *Stephens, supra* at 281. In this respect, the evidence is different than that considered by the Supreme Court in *Allstate.* So a genuine issue of fact existed as to whether the shot was intentional, which precludes the entry of summary judgment. The trial court's entry of judg-

1. The trial judge in the present action presided over Stephens' criminal trial.

ment for Auto–Owners was therefore erroneous.

■ There is a general rule that the records of proceedings in criminal actions are not admissible in civil actions as proof of the facts upon which a party was convicted. This is particularly true when the civil action is for damages occasioned by the offense for which the party was convicted. *Brooks v. State* (1973), 259 Ind. 678, 291 N.E.2d 559; *Montgomery v. Crum* (1928), 199 Ind. 660, 161 N.E. 251; *Hambey v. Hill* (1971), 148 Ind.App. 662, 269 N.E.2d 394, *trans. denied.* While no appellate issue has been raised regarding the trial court's consideration of the transcript of Stephens' criminal trial, the transcript would be inadmissible at trial,[2] and could not be relied upon by the trial judge.

■ The trial court in entering judgment for Auto–Owners also considered the fact that Stephens had been convicted of attempting to murder Lewis, expressly relying upon Ind.Code 34–3–18–1 (1988). To the extent that IC 34–3–18–1 is inconsistent with the rules pronounced by our Supreme Court, we must conclude IC 34–3–18–1 is invalid.

> IC 34–3–18–1, enacted in 1982, provides: "Evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one [1] year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness. The pendency of an appeal may be shown but does not affect the admissibility of evidence under this section."

In *Brooks, supra,* our Supreme Court unequivocally concluded that: "However, while there are exceptions and even some trend to the contrary indicated in some jurisdictions, Indiana follows the traditional rule that a judgment of conviction in a criminal prosecution is not admissible in a civil case, as evidence of the facts upon which it was based." *Id.* 259 Ind. at 680, 291 N.E.2d at 560. *See also Cromer v. Sefton* (1984), Ind.App., 471 N.E.2d 700 ("A conviction in a criminal case is not admissible to establish any of the elements of a civil case." *Id.* at 705). An exception to the rule exists for the admission of a judgment based on a guilty plea as an admission against interest. *See Rediehs Exp., Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, *cert. denied* (1987), 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762; *Cromer, supra; Hambey, supra.*

There is another statute pertinent to this discussion: Ind.Code 34–5–2–1 (1988) provides, in part:

> "All statutes relating to practice and procedure in any of the courts of this state shall have, and remain in, force and effect only as herein provided. The supreme court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the supreme court shall adopt, *and thereafter all laws in conflict therewith shall be of no further force or effect.*" (Emphasis supplied).

The Supreme Court has traditionally determined the rules regarding the admission of evidence at trial. In *Matter of Public Law No. 305 and Public Law No. 309* (1975), 263 Ind. 506, 334 N.E.2d 659, the Supreme Court invalidated a portion of the statutes in question because they provided that trial courts would take judicial notice of municipal, city and town ordinances, in contravention of established Supreme Court precedent.

In *Stidd v. Dietz* (1963), 135 Ind.App. 149, 192 N.E.2d 651, this court elected to follow the "best evidence rule" as articulated by the Supreme Court rather than the

---

2. It is, of course, permissible to impeach a witness with prior inconsistent statements made during testimony at a prior trial. *Ingram v. State* (1989), Ind., 547 N.E.2d 823; *Davis v. State* (1983), Ind., 456 N.E.2d 405; *Eversole v. Consolidated Rail Corp.* (1990), Ind.App., 551 N.E.2d 846, *trans. denied.*

provisions of a statute that allowed a party to be examined as witness conditionally.

The situation we consider is distinguishable from that considered in *Johnson v. St. Vincent Hosp., Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585. There, the Supreme Court had before it the portion of the Indiana Medical Malpractice Act that provided the opinion of the medical review panel was admissible but not conclusive in a medical malpractice action. Ind.Code 16–9.5–9–9. The Supreme Court concluded: "The type of matter declared admissible by this provision, namely, the opinion of medical experts, has heretofore been expressly sanctioned by rules of evidence as declared by the courts. [Citations omitted]. Consequently, this Act does not take away from the courts their judicial authority." *Johnson, supra,* 273 Ind. at 393, 404 N.E.2d at 598.

Conversely, IC 34–3–18–1 is in direct contravention to the rules of evidence enunciated by the Supreme Court. The rule that proof of conviction after a trial is inadmissible is based on the fact that such proof is based upon hearsay or upon the opinion of another trier of fact. *See Rediehs, supra.* We are aware that the common law rule accepted by the Supreme Court is not in accord with the federal rules of evidence, Fed.R.Evid. 803(22), but any decision to change the rule in Indiana must be made by the Supreme Court. We obediently follow the law of this state. *Trice v. State* (1986), Ind., 490 N.E.2d 757; *State v. King* (1980), Ind.App., 413 N.E.2d 1016.

Because IC 34–3–18–1 which allows admission of a criminal judgment as evidence in a civil case is contrary to the Supreme Court's rule regarding the admission of such criminal convictions in civil proceedings, we are bound to hold it invalid.

The trial court should have ordered a trial to determine the factual controversy as to whether Stephens' conduct was negligent or intentional. So it was reversible error for the trial court to render judgment in reliance on Stephens' conviction.

ISSUE TWO—Did the trial court err when it denied Hawkins' motion to dismiss?

PARTIES' CONTENTIONS—Hawkins claims that because the result of the pending action against Stephens in Superior Court could affect the outcome of this action, dismissal under Ind.Rules of Procedure, Trial Rule 12(B)(8) was appropriate. Auto–Owners retorts that the outcome of the other lawsuit would not be res judicata, and therefore dismissal was not warranted.

CONCLUSION—The trial court properly denied Hawkins' motion to dismiss Auto–Owner's declaratory judgment action.

■ Dismissal under T.R. 12(B)(8) is appropriate when the same action is pending in another state court. The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. *Indiana & Mich. Elec. Co. v. Terre Haute Indus., Inc.* (1984), Ind.App., 467 N.E.2d 37; *Thrasher v. Van Buren Township of Monroe County* (1979), 182 Ind.App. 121, 394 N.E.2d 215. An action should be dismissed when parties, subject matter and remedies are substantially the same in both suits.

■ The subject matter, parties and remedies in Auto–Owners' declaratory judgment action are quite different than those in Hawkins' pending negligence action. Auto–Owners is seeking the construction of a clause in its insurance contract with Stephens, and Auto–Owners is not a party to Hawkins' action. Also, Auto–Owners' requested remedy is the construction of its policy and a declaration of the parties' rights under the policy, while Hawkins is seeking damages for negligently inflicted injury in the pending Superior Court case. Therefore, while there is some similarity of issues as to whether Stephens acted negligently or intentionally, it is our conclusion that the same action is not pending in another state court and that the trial court properly denied Hawkins' motion to dismiss pursuant to T.R. 12(B)(8). *See Indiana & Mich. Elec., supra.*

It is true, as Hawkins claims, that the trial court has the discretion to deny relief to a party seeking declaratory judgment if such a judgment would not be determina-

tive of the parties' rights. *Volkswagenwerk, A.G. v. Watson* (1979), 181 Ind.App. 155, 390 N.E.2d 1082. A declaratory judgment in Auto–Owners' favor would, however, settle the controversy between Auto–Owners and the other parties. Auto–Owners *cannot* be a party to Hawkins' negligence suit. In *Cromer, supra,* this court determined that an insurance company cannot intervene in the principal tort case against its insured. Further, in *Snodgrass v. Baize* (1980), Ind.App., 405 N.E.2d 48, we concluded that a judgment against an insured is not res judicata against the insurer as to the issue of policy coverage because there is still a conflict of interest between the insured and the insurer. While Auto–Owners could await the outcome of Hawkins' negligence action and defend against an attempted execution during proceedings supplemental if Hawkins obtains a judgment against Stephens, as the insurer in *Snodgrass* did, there is no rule forcing Auto–Owners to wait.

In *Cromer,* we observed that the typical procedure employed by insurance companies to determine their liability for their insured's torts is for the insurance carrier to file a separate declaratory judgment action to determine coverage. It has been decided that an insurer is entitled to maintain a declaratory judgment action to determine the coverage of its policies. *Fowler v. Farm Bureau Mut. Ins. Co.* (1965), 137 Ind.App. 375, 209 N.E.2d 262. So the trial court did not abuse its discretion in allowing Auto–Owners to exercise its right to obtain a declaratory judgment.

ISSUE THREE—Did the trial court err when it denied Hawkins' motion to disqualify Auto–Owners' attorney?

PARTIES' CONTENTIONS—Hawkins claims that because Auto–Owners' attorney entered an appearance for Stephens in Hawkins' negligence suit, the attorney should have been disqualified. Hawkins also claims that the attorney represented Lewis in Stephens' criminal prosecution. Auto–Owners responds that Hawkins made no showing that their attorney gained any confidential information during the seven days he represented Stephens and that the

trial court properly denied Hawkins' motion.

CONCLUSION—Auto–Owners' attorney should be disqualified.

While this issue does not affect our decision as to Hawkins' other claims, because the resolution of this issue will have an impact upon remand, we will address it.

■ We first reject Hawkins' suggestion that, because Auto–Owners' attorney was a deputy prosecutor in Stephens' criminal case, in which Lewis was deposed by Stephens, the attorney had represented Lewis. A deputy prosecutor does not represent the victims or witnesses in a criminal proceeding, but rather, is the State's representative. *See State ex rel. Goldsmith v. Superior Ct. of Hancock County* (1979), 270 Ind. 487, 386 N.E.2d 942; *Crose v. State* (1985), Ind.App., 482 N.E.2d 763.

■ Hawkins also charges that the attorney involved has violated various Ind. Rules of Procedure, Rules of Professional Conduct. Such charges are not properly before this court. It is the exclusive province of the Indiana Supreme Court to regulate professional legal activities. *Matter of Mann* (1979) 270 Ind. 358, 385 N.E.2d 1139; Ind. *Const.* Art. 4, § 4; Ind.Rules of Procedure, Admission and Discipline Rule 23 § 1. We will therefore confine our discussion to a consideration of Hawkins' arguments relating to the attorney's prior representation of Stephens.

There is no question that the attorney represented Stephens for seven days. Auto–Owners relies on this court's opinion in *Snodgrass, supra,* for the proposition that there was no breach of the attorney-client relationship. The factual situation in *Snodgrass* was somewhat similar to that which we consider. There, an insured had been found liable for negligently shooting the plaintiff, and the plaintiff was seeking to satisfy his judgment against the insurance company in proceedings supplemental. The insurance company defended by claiming the shooting was intentional, and the trial court agreed. The insurance company's law firm had represented the insured for a short time, and then had withdrawn.

The firm then represented the insurance company during the proceedings supplemental. The plaintiff claimed that the insurance company should be estopped from asserting any policy defenses because of the representation. On appeal, we concluded that because there was no confidential information obtained by the firm, there was no breach of the attorney-client relationship which would work an estoppel on the insurance company. No issue of disqualification was present.

Our Supreme Court has determined the standard by which we review motions to disqualify an attorney due to prior representation. In *State v. Tippecanoe County Court* (1982), Ind., 432 N.E.2d 1377, the Supreme Court said:

> "The test, stated alternatively in many jurisdictions, is that *a lawyer must be disqualified if it is shown that the controversy involved in the pending case is substantially related to a matter in which the lawyer previously represented another client.* [Citations omitted]. This test must be applied to the facts of each case to determine whether the issues in the prior and present cases are essentially the same or closely interwoven therewith."

*Id.* at 1378 (emphasis supplied).

█ Applying this test, Auto–Owners' attorney must be disqualified. There can be no question that the current case is "substantially related" to Hawkins' action against Stephens. Also, the naming of Stephens as a defendant in Auto–Owners' declaratory judgment action unmistakably raises the issue of whether the attorney should be disqualified.

It is not relevant that no showing was made that confidential information was obtained. In *Schloetter v. Railoc of Indiana, Inc.* (7th Cir., 1976), 546 F.2d 706, which was relied upon by the Supreme Court in *Tippecanoe County Court, supra,* it was made clear that: "The court, in these circumstances, makes no inquiry into whether confidential information relating to the matter involved in the subsequent representation did in fact pass to the attorney during the course of the former representation; his possession of such information will be presumed." *Schloetter, supra* at 710. While the test is somewhat differ-

ent when determining whether to disqualify a law firm because of a member's prior representation, *see United States v. Goot* (7th Cir., 1990), 894 F.2d 231, *cert. denied* —— U.S. ——, 111 S.Ct. 45, 112 L.Ed.2d 22, because Auto–Owners' attorney personally made an appearance for Stephens such representation of Auto–Owners in a substantially related proceeding is prohibited. No issue of disqualification arose in *Snodgrass, supra,* because the attorney was not representing the insurance company in an adversarial proceeding against the insured, but rather, was simply defending the execution of the plaintiff's judgment against the insured during proceedings supplemental. Applying the Supreme Court's test, the trial court erred when it denied Hawkins' motion to disqualify Auto–Owners' attorney. *See also Banton v. State* (1985), Ind.App., 475 N.E.2d 1160.

The trial court's denial of Hawkins' motion to dismiss is affirmed, but the trial court's entry of judgment is reversed and this cause is remanded with instructions for the trial court to grant Hawkins' motion to disqualify Auto–Owners' attorney, and for any further proceedings consistent herewith.

SULLIVAN and MILLER, JJ., concur.