Ruth HAWKINS, as Guardian of Keith L. Lewis, Appellant,

v.

AUTO–OWNERS (MUTUAL) INSURANCE COMPANY, and Robert D. Stephens, Appellees.

No. 18S02–9302–CV–225.

Supreme Court of Indiana.

Feb. 11, 1993.

John O. Moss, Indianapolis, for appellant.

Donald K. McClellan, McClellan, McClellan, Brooke & Arnold, Muncie, for appellees.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

The published opinion by the Court of Appeals appears at 579 N.E.2d 118. There, the Court of Appeals reversed the trial court's entry of judgment in favor of appellees and remanded the case for further proceedings. We set aside the opinion of the Court of Appeals and affirm the trial court.

The facts are: Keith Lewis was shot by Robert Stephens in Stephens' home. Stephens was convicted of attempted murder. This Court affirmed that conviction, *Stephens v. State* (1989), Ind., 541 N.E.2d 280. Subsequently Hawkins, as Lewis's guardian, brought suit against Stephens in the Delaware Superior Court alleging that Stephens negligently shot Lewis. Auto–Owners insured Stephens but had a clause in the insurance policy that Stephens was not covered for his deliberate acts. Auto–Owners filed this cause of action in the Delaware Circuit Court asking for a declaratory judgment that they were not responsible to pay any compensation to Lewis which might result from Stephens' action.

At first, the trial court refused to grant summary judgment to Auto–Owners on the ground that a question of fact existed to be determined as to whether the shooting was deliberate or an accident. Auto–Owners then presented the transcript of Stephens' trial wherein he was convicted of attempted murder. After examining such evidence, the trial court ruled that because the action of Stephens had been adjudicated to be deliberate, Auto–Owners was not responsible under the terms of the policy.

The Court of Appeals decision in this case is well written and correctly recognizes the case law of this State to be that the judgment in a criminal action is not admissible in a subsequent civil case, citing *Brooks v. State* (1973), 259 Ind. 678, 291

N.E.2d 559; *Montgomery v. Crum* (1928), 199 Ind. 660, 161 N.E. 251.

The Court of Appeals goes on to state: "We are aware that the common law rule accepted by the Supreme Court is not in accord with the federal rules of evidence, Fed.R.Evid. 803(22), but any decision to change the rule in Indiana must be made by the Supreme Court. We obediently follow the law of this state." *Hawkins, supra* at 122.

 The Court of Appeals also recognized the existence of Ind.Code § 34–3–18–1, which was passed in 1982, which allows the admission of a criminal judgment as evidence in a civil case. They also correctly observed the rule of law to be that when a statute is in conflict with the rules of procedure established by the Supreme Court, the Supreme Court rules prevail and the statute is a nullity. As observed by the Court of Appeals, this Court has not ruled on this question since the passage of the statute. We recognize that Indiana's stand on this subject has been in the minority for some time and of course is in direct conflict with the federal rule and the statute cited above.

We note that both the federal jurisdiction and our legislature have viewed the rule to cause a conflict within the judicial system and to create an intolerable situation. On the one hand, we have a criminal trial where the rules of evidence are more stringent than in a civil case and where a person has been adjudicated to have deliberately committed an act, and on the other hand, a subsequent civil trial holding that this same act is readjudicated to have been accidentally committed.

We now hold that the majority of jurisdictions in the United States, including the Federal Rules of Evidence and our own legislature, has established a more reasonable rule in this field. This Court therefore now accepts Ind.Code § 34–3–18–1 as the correct utterance of the law on this subject.

In view of the fact we are holding the trial court was correct in its decision and that no further proceeding is necessary at that level, we find it unnecessary to pass upon the question of the disqualification of Auto–Owners' attorney.

The opinion of the Court of Appeals is set aside and the trial court is affirmed.

SHEPARD, C.J., and KRAHULIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DICKSON, J., concurs and dissents with separate opinion in which DeBRULER, J., concurs.

DeBRULER, Justice, dissenting.

As pointed out by Judge Buchanan for the Second District, *Hawkins v. Auto–Owners Insurance Co.* (1991), Ind.App, 579 N.E.2d 118, this declaratory judgment of the trial court is not a summary judgment and should be reversed because it is based upon determinations of material issues of fact without a trial. Ind.Trial Rule 56; I.C. 34–4–10–9; *Bochnowski v. Peoples Federal S. & L.* (1991), Ind., 571 N.E.2d 282; *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756; *City of Muncie v. United Nat. Ins. Co.* (1991), Ind.App., 564 N.E.2d 979. I would reverse and remand this case to the trial court to afford the guardian of Lewis an opportunity to file an answer and to have a trial at which a trier of fact would resolve the material issues of fact. The main factual issues to be so resolved would necessarily include whether the insured, Stephens, expected or intended the bodily injury suffered by Lewis, and possibly whether Stephens was insane at the time if raised by answer. I am willing to say that at such trial, the statute, I.C. 34–3–18–1, should be given its proper force, which is, in my opinion, that it renders relevant judgments of convictions based upon trials admissible on the same basis that relevant judgments of convictions based upon guilty pleas had for many years been admitted. Furthermore, I find nothing in the statute rendering the entire transcript of the criminal trial evidence that is per se admissible, and I agree with others who have studied this statute and who have failed to find legislative intent within it to make evidence of a criminal

judgment conclusive proof of any facts of which it may be probative. *State Farm Fire and Cas. Co. v. Miles*, 730 F.Supp. 1462 (S.D.Ind.1990). The majority opinion imposes a statutory estoppel where none exists.

DICKSON, J., concurs.

DICKSON, Justice, concurring and dissenting.

I concur with the decision to give force to Ind.Code § 34–3–18–1 and the almost identical Federal Rule of Evidence 803(22), which address the admissibility of criminal felony final judgments in certain civil cases. However, I dissent upon two issues: 1) extending and applying the statute to authorize the admissibility of an entire criminal trial transcript and 2) affirming the entry of final judgment without trial.

The relevant portion of the statute in question states:

> Evidence of a *final judgment*, entered after a trial or upon a plea of guilty, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one [1] year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness.

Ind.Code § 34–3–18–1 (emphasis supplied). In drafting this limited exception to the hearsay rule, the legislature carefully restricted it to a final judgment, not a transcript of the criminal trial. Further demonstrating appropriate caution as to the scope of the exception, the statute applies only to final judgments in felony cases, and not to lesser criminal offenses.

To expand the statutory admissibility to include the transcript of evidence is unwise and without justification. While the enhanced burden of proof required for a criminal conviction provides a rational justification for special treatment as an exception to the hearsay rule in related civil proceedings, there is no such assurance of reliability for the individual items of evidence contained in the criminal trial transcript. By its implied approval of the trial court's consideration of the transcript, the majority today unnecessarily opens a Pandora's box fraught with potential abuse. I foresee tort litigants attempting to persuade prosecutors and defense counsel to burden criminal trials with additional testimony, witnesses, and exhibits, so that such evidence may later be presented, possibly immune from cross-examination or objection, in anticipated civil damage actions. In addition to the likelihood of placing improper evidence before the civil action jury, such practice is harmful to the criminal proceedings for several reasons. It produces pressure to take cases to trial which might otherwise be resolved by guilty pleas; it tends to lengthen criminal trials; and it corrupts the purpose for which criminal trials are conducted. I hope that today's extension of the statute will be short-lived, and that experience will soon lead us to curtail this experiment.

In addition to finding error in the trial court's consideration of the entire criminal transcript, I would also find that the trial court erroneously entered final judgment in the declaratory judgment action without affording the defendant-appellant Hawkins an opportunity to present evidence at trial.

The Indiana Uniform Declaratory Judgments Act, Ind. Code § 34–4–10–11, permits a plaintiff to name as parties all persons "affected by the declaration" and further provides that "no declaration shall prejudice the rights of persons not parties to the proceeding." By naming Hawkins as a party, Auto–Owners sought to assure that any resulting declaration of rights would be binding on Hawkins. The Act further specifies:

> When a proceeding under this chapter involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

Ind.Code § 34–4–10–9. All parties are entitled to present their evidence upon the issues. *See* Ind.Trial Rule 43(G). Having been named a party, defendant Hawkins

was entitled to present evidence upon factual issues.

The judgment of the trial court stated in part:

## II.

The Court finds that from a review of the transcript in this cause of action, *there exist material questions of fact as to the intent of Robert D. Stephens,* in that Stephens specifically states that he did not intend to harm Keith L. Lewis and consequently the Plaintiff's Motion for Summary Judgment should be denied.

## III.

The Court finds that all of the evidence of this case is embodied in the transcripts from the criminal cause of action entitled *State of Indiana v. Robert D. Stephens.... The Court finds that based upon the transcript and all the evidence of that case and by a preponderance of the evidence, that Robert D. Stephens intended bodily injury to Keith L. Lewis. Consequently, Auto–Owners (Mutual) Insurance Company is entitled to judgment as a matter of law.*

Record at 21 (emphasis added). Thus, although expressly admitting that summary judgment was inappropriate due to the existence of material questions of fact, the trial court nevertheless held no trial but simply entered a final judgment granting the declaratory relief sought by Auto–Owners. With restrained understatement the Court of Appeals described such "jumping the gap" as "somewhat puzzling." *Hawkins v. Auto–Owners (Mutual) Ins. Co.* (1991), Ind.App., 579 N.E.2d 118, 120.

In the final judgment in the criminal proceeding, Robert Stephens was convicted of attempted murder upon charges that he "knowingly fired a handgun at Keith Lewis ... with the intent to kill Keith Lewis." Brief of Defendant–Appellant Stephens at 3 in *Stephens v. State* (1989), Ind., 541 N.E.2d 280. Such judgment constituted evidence relevant to the issue central to the declaratory judgment action: whether Ste-

phens's conduct fell within the Auto–Owners policy exclusion for bodily injury "expected or intended by an insured person."

The only rationale remotely justifying use of the criminal conviction to conclusively resolve the insurance exclusion interpretation without proper summary judgment or full trial is the doctrine of collateral estoppel. Dispensing with the former requirements of mutuality of estoppel and full identity of parties, a majority of this Court recently held that a prior judgment may be asserted to preclude a claim by a party who had a full and fair opportunity to litigate the issue in the former proceeding. *Sullivan v. American Casualty Co.* (1992), Ind., 605 N.E.2d 134. In so holding, however, cases involving the offensive application of collateral estoppel were distinguished, and it was carefully held that "mutuality of estoppel and identity of parties should no longer be required for the *defensive* use of collateral estoppel." *Id.* at 139 (emphasis added).

As explained by the United States Supreme Court in *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 329, 99 S.Ct. 645, 650, 58 L.Ed.2d 552, 561, the defensive use of collateral estoppel occurs when "the plaintiff [is] estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant." In the offensive use of collateral estoppel "a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff." *Id.* Following its discussion of the various reasons why defensive and offensive collateral estoppel should be treated differently, the *Parklane* court concluded:

We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above [in *Parklane,* 439 U.S. at 329–31, 99 S.Ct. at 650–

51, 58 L.Ed.2d at 561–62] or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.

*Id.* at 331, 99 S.Ct. at 651–52, 58 L.Ed.2d at 562. I would favor application of this approach in Indiana courts as well.

The case at bar, however, is not one of defensive collateral estoppel. Rather, Auto–Owners as plaintiff in the declaratory judgment action is attempting to offensively use Stephens's criminal conviction to estop defendant Hawkins from presenting evidence, yet is seeking to bind Hawkins by the resulting judgment. Hawkins was not and could not have joined as a party to the criminal case and thus had no opportunity to participate in the former proceeding.

With the majority's opinion today, this Court takes a significant step beyond *Sullivan* and *Parklane* by dispensing with the traditional requirements of mutuality of estoppel and identity of the parties and allowing an extreme application of the *offensive* use of collateral estoppel.

I would conclude that Hawkins, having been named as a defendant and thereby invited to participate in Auto–Owners's declaratory judgment action, was clearly entitled to present evidence upon the coverage issue without being collaterally estopped by Stephens's criminal conviction. By its order implementing the offensive use of collateral estoppel under these circumstances, the trial court exceeded its broad discretion. Because the trial court found the existence of material issues of fact as to the intent of Stephens, it erred in summarily entering final judgment. This case should have proceeded to trial.

DeBRULER, J., concurs.