ATTORNEYS FOR APPELLANT

Michael A. Johnson

William H. Ransom

William Schabler

Chicago, Illinois    

ATTORNEYS FOR APPELLEE

Jeffrey A. Modisett

Attorney General of Indiana

Carol A. Nemeth      

Deputy Attorney General

Indianapolis, Indiana  

  

IN THE

SUPREME COURT OF INDIANA

)

EPIFANIO ALVARADO,            )

    )

Appellant (Defendant Below), ) 

) 

v. ) Indiana Supreme Court

 ) Cause No. 45S00-9608-CR-566

STATE OF INDIANA,     ) 

)

Appellee (Plaintiff Below). )

)

­

APPEAL FROM THE LAKE SUPERIOR COURT

The Honorable James E. Letsinger, Judge

Cause No. 45G02-9407-CF-186

­

ON DIRECT APPEAL

BOEHM, Justice.

Epifanio Alvarado was found guilty of murder and sentenced to sixty years in prison.  On this direct appeal, Alvarado makes the following claims: (1) insufficiency of the evidence; (2) ineffective assistance of counsel; (3) violation of his Indiana and federal constitutional right to confront witnesses; (4) inadmissibility of incriminating remarks because of an ineffective waiver of 
Miranda
 rights; and (5) a manifestly unjust sentence.  We hold against Alvarado on his first four claims.  Because there were two conflicting versions of the sentencing statute for murder in force at the time of the killing, we remand for new sentencing pursuant to 
Smith v. State
, 675 N.E.2d 693 (Ind. 1996).

Factual Background

One evening in July, 1994, Alvarado and the victim, Armando Rodriguez, were patrons at a bar in Hammond, Indiana.  Alvarado testified that after the two bought each other drinks Alvarado left the bar and returned shortly after midnight, about five hours later.  One witness testified that upon his return, Alvarado slammed the bar door behind him and walked directly toward Rodriguez.  Rodriguez stood at the bar, with his back to the entrance, talking with the bartender.  The bartender testified that Alvarado spun Rodriguez around, said “now I’m going to kill you,” and shot him.  Alvarado and Rodriguez then struggled for Alvarado’s gun and another five or six shots were fired.  Rodriguez died of four bullet wounds.  Alvarado sustained a cut on his face and a slight mark on his back.  He was quickly and peacefully apprehended.

A police officer testified that after his arrest, Alvarado said he shot Rodriguez because Rodriguez had “disrespected” him by making fun of him for not wearing socks.  Alvarado admitted to the officer that he left the bar earlier in the evening, went home to get a gun, returned to the bar, and shot Rodriguez.  However, at trial Alvarado contended, contrary to the eyewitness accounts, that when he returned to the bar, he was accosted by Rodriguez and three others.  He claimed that he shot Rodriguez in self-defense.  In addition to the two eyewitnesses and the incriminating remarks made to the police, the only fingerprints on the gun were Alvarado’s.  DNA analysis showed that blood taken from the scene was consistent with the victim’s blood but not with Alvarado’s.  The jury convicted Alvarado of murder and the court sentenced him to sixty years in prison.  This appeal followed.

I. Sufficiency of the Evidence

Alvarado contends that the evidence against him was insufficient to prove guilt beyond a reasonable doubt.  He asserts that the testimony of only two witnesses, when there were about thirty people in the bar, was not enough to paint an accurate picture of what happened.  Further, he challenges the credibility of each of the two testifying eyewitnesses, noting that the bartender was the mother of the victim’s child and that the other eyewitness was probably drunk at the time of the killing.  

When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses.  
Moore v. State
, 652 N.E.2d 53, 55 (Ind. 1995).  Rather, we examine only the evidence, and reasonable inferences therefrom, that are most favorable to the verdict and decide whether there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt.  
Id.
  Alvarado’s sufficiency claim consists of an attack on the credibility of witnesses whom presumably the jury chose to believe.  That is not enough.  As to Alvarado’s assertion that more witnesses should have been called to testify, this does not address whether the evidence actually presented to the jury was sufficient to convict.  Rather it is more appropriately directed to the ineffective assistance of counsel claim that we address below.

II. Ineffective Assistance of Counsel

Alvarado contends he received ineffective assistance of counsel contrary to the Sixth Amendment of the U.S. Constitution.  He claims his counsel’s performance was deficient in four respects, each of which must be tested against the two part test set out in 
Strickland v. Washington
, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  He must show that his counsel’s performance fell below an objective standard of reasonableness, and that he was prejudiced by the substandard performance.  
Id.
 at 687-96; 
Douglas v. State
, 663 N.E.2d 1153, 1154 (Ind. 1996).

First, Alvarado raises counsel’s failure to call a witness, Miguel Mendoza, whose testimony, he says, would have benefitted the defense. The decision on which witnesses to call is generally a question of trial strategy and we will not second guess counsel’s decision unless the choice fell below objective professional standards.  
Hunter v. State
, 578 N.E.2d 353, 355 (Ind. 1991).  Alvarado does not meet this test.  Eighteen months after the killing, Mendoza gave a statement to the police about what he saw in the bar that night.  His account of events is consistent with that of the two witnesses who testified at trial, if less detailed.  Although he did not see the assailant clearly or hear any conversation, he heard a door slam, saw a man approach the victim, saw the victim “spin” around, witnessed a struggle, and heard gunshots.  From the content of Mendoza’s statement, there is no basis for concluding that counsel’s decision not to call him as a witness evidenced a lapse in professional judgment.

Second, Alvarado raises counsel’s failure to object to or move to strike a police officer’s testimony that a search of Alvarado uncovered a “rock like substance” inside a sealed bag -- in addition to ammunition.  Alvarado makes this claim even though, on cross examination, the officer clarified that since the search, he had learned that the “substance” was in fact an actual rock.  In the light of this clarification Alvarado has made no colorable claim of prejudice for this testimony.

Third, Alvarado maintains that his trial counsel was ineffective for failing to present any witnesses to testify on his behalf at sentencing.  Specifically, Alvarado says his estranged wife and his children should have been called.  Sentencing began on April 12, 1996.  After the State presented its witnesses, Alvarado’s counsel obtained a continuance until April 22 to produce his witnesses.  Although Alvarado’s wife attended the trial, the two were estranged and his counsel stated that Alvarado had not heard from her since the trial.  Alvarado’s children lived with the wife.  When sentencing resumed on April 22, Alvarado himself said that he had not had any contact with his family and requested another continuance that was denied.  The record does not show whether or not counsel made personal efforts to find the family.  Because Alvarado has made no showing how or whether their testimony might have changed the sentencing outcome, prejudice is not established and counsel’s assistance was not ineffective.  Here at best the possible effect is speculative and not a “reasonable probability” of a different result.  
Wooden v. State
, 657 N.E.2d 109, 111-12 (Ind. 1995).

Finally, Alvarado contends that the failure to present the defense of mental disease or defect was ineffective assistance of counsel.  The decision to plead insanity involves a choice of the best defense to present on a defendant’s behalf.  One can always hypothesize that if a different defense were chosen, it might have been more successful.  
Stephens v. State
, 541 N.E.2d 280, 282 (Ind. 1989).  A decision to assert a defense of insanity may as a practical matter amount to a concession that the defendant committed the acts involved in the crime.  As such, assertion of the defense is a strategic decision that, at least on this sparse record, cannot support a claim of inadequate assistance of counsel.  At sentencing, counsel pointed out that Alvarado had some mental problems,
(footnote: 1) but conceded that he thought they did not rise to the level of a defense.  This conclusion was certainly reasonable given that the evidence demonstrates preparation for the crime and that Alvarado knew what he was doing.  
See
 
Stephens
, 541 N.E.2d at 282 (defendant not denied ineffective assistance of counsel on basis that counsel did not raise insanity defense).  Accordingly, we will not second guess counsel’s decision (if it was counsel’s) not to opt for the insanity defense and Alvarado’s final ineffective assistance of counsel claim fails.

III. Confrontation Clause

Next, Alvarado claims a violation of his right to confront the witnesses presented against him as guaranteed by Article 1, § 13 of the Indiana Constitution and the Sixth Amendment of the U.S. Constitution.  A DNA analyst had performed blood analysis and was expected to testify at trial about the analysis.  Before the trial took place, the analyst died and another analyst took over.  Alvarado claims that replacement of one analyst with another denied him the right to confront the first analyst about the methodology used.  However, the second analyst, who did testify at trial, performed his own analysis of the DNA and testified to it.  Thus, there was no constitutional violation.

IV. Admissibility of Incriminating Remarks

Alvarado contends that a police officer’s testimony reporting incriminating remarks Alvarado made while in custody should not have been admitted into evidence.  According to the officer, Alvarado was read his 
Miranda
 rights and waived them.  Alvarado then said several times that he shot Rodriguez because Rodriguez had “disrespected him.”  Specifically, Alvarado claims that his 
Miranda
 rights were not properly administered, that the waiver was therefore ineffective, and that the remarks were therefore inadmissible.  However, we need not reach the merits of Alvarado’s claim for two reasons: Alvarado failed to object to the admission of the remarks at trial, and the remarks were not made as a result of police questioning and so did not require the procedural protection provided by the 
Miranda
 rights.

When a defendant claims that a trial court admitted his custodial statements made without sufficient 
Miranda
 warnings, an objection must be made at trial when the statements are offered into evidence.  
Poulton v. State
, 666 N.E.2d 390, 393 (Ind. 1996); 
United States v. Udey
, 748 F.2d 1231 (8th Cir. 1984); 
United States v. Caldwell
, 954 F.2d 496, 500 (8th Cir. 1992) (citing 
Udey
).  Alvarado did not object to the admissibility of the remarks, thus his claim is waived.  Nor is it clear that any objection would have been valid.  The officer testified that Alvarado repeatedly volunteered the information and denied that he questioned Alvarado or took his statement.  If so, the incriminating remarks were not made in response to express questioning or its functional equivalent and so did not require the protection of 
Miranda
.  
Rhode Island v. Innis
, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980).  Because there was no objection, the trial court made no finding on this point.  It is precisely for that reason, among others, that an objection is required to avoid waiver of the claim.

V. Sentencing

We remand for new sentencing pursuant to 
Smith v. State
, 675 N.E.2d 693 (Ind. 1996).  In 
Smith
 we noted that between July 1, 1994 and May 5, 1995 there were two versions of the sentencing statute for murder.  
Ind. Code
 § 35-50-2-3.  We held that P.L. 158-1994, which provides a presumptive forty year sentence for murder subject to a twenty year enhancement, rather than P.L. 164-1994, which provides a presumptive fifty year sentence for murder subject to a ten year enhancement, applies to murders during this period.  
Id.
 at 697.  
See
 
also
 
Jones v. State
, 675 N.E.2d 1084, 1086-87 (Ind. 1996).  Because the trial court enhanced Alvarado’s sentence, but did not specify whether the enhancement was from a presumptive sentence of forty or fifty years, it is not clear which sentencing statute the court applied.  Thus, we remand for new sentencing in accordance with P.L. 158-1994.

Conclusion

We remand for new sentencing consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN, and SELBY, JJ., concur.

FOOTNOTES
1: For instance, Alvarado appeared to be extremely paranoid, believed in mysticism, and carried rocks in his pockets to ward off evil spirits.