Michael PARKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9706–CR–364.

Court of Appeals of Indiana.

July 16, 1998.

Annette K. Fancher, Marion County Public Defender, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Janet Brown Mallett, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

Michael Parker was convicted of posses-

sion of cocaine,[1] a Class C felony. This appeal presents several issues of which the following are dispositive:

I.  Whether the law of the case doctrine precludes this court on direct appeal from revisiting the reasonableness of the search of Parker and seizure of cocaine when this court affirmed on interlocutory appeal the trial court's denial of Parker's motion to suppress challenging the search and seizure.

II.  Whether the seizure of cocaine from Parker was justified by the "plain feel" doctrine.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Indianapolis Police Sergeant Steve Swarm received a telephone call from a known informant saying that Parker was carrying cocaine in his pocket and preparing to deliver it. The informant described Parker and said that he was at a liquor store on the east side of Indianapolis. Swarm testified that the informant had provided him with information in approximately sixty-five arrests where the police had seized narcotics. Swarm further testified that he believed that the informant has always been reliable.

A short time after receiving the telephone tip, Swarm and Officer Roderick Wallace proceeded to the location of the liquor store. There, Swarm and Wallace approached two men, one of whom matched the given description and was later identified as Parker. The officers informed Parker that they were police officers conducting a narcotics investigation and that they had received information indicating that he was in possession of cocaine. Swarm testified that at this point in the investigation he had not observed any criminal activity, he did not personally view any activity that would provide probable cause to believe that Parker had committed a crime, he did not have a search or arrest warrant, and he did not search Parker incident to an arrest.

Wallace conducted a patdown search of Parker for weapons and removed 3.8136 grams of cocaine from Parker's front pants

pocket. Wallace seized the cocaine, turned it over to Swarm, and continued the patdown search. The search yielded no weapons. Parker was then placed under arrest.

Parker filed a motion to suppress the cocaine, and after a hearing the trial court denied the motion. Parker then filed an interlocutory appeal with this court. We affirmed the trial court's denial of the motion to suppress. *Parker v. State,* 662 N.E.2d 994 (Ind.Ct.App.1996), *trans. denied (Parker I).* After a bench trial, Parker was convicted of possession of cocaine. He now appeals.

### DISCUSSION AND DECISION

#### I.

#### Law of the Case Doctrine

In *Parker I,* we held that the investigatory stop and search met the requirements of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the seizure of the cocaine was justified by the "plain feel" doctrine under *Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). *Parker I,* 662 N.E.2d at 1000. The State argues that the law of the case doctrine bars our consideration of the search and seizure issue because it was decided on interlocutory appeal. The State asserts that this appeal presents substantially the same issue, based upon substantially the same facts as considered on interlocutory review, and therefore, the particular issue before this court now is governed by the law of the case.

■ The law of the case doctrine "mandates that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." *State v. Huffman,* 643 N.E.2d 899, 901 (Ind.1994). The doctrine's "purpose is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court." *Id.*

Parker asserts that the law of the case doctrine should not apply to this situation because the evidence at trial differed from that at his suppression hearing and was not

1.  *See* IC 35–48–4–6.

available to this court on interlocutory review. In the interlocutory appeal, we said, "the dispositive fact here is that Officer Wallace touched the object and immediately determined its incriminating nature." *Parker I*, 662 N.E.2d at 999. Parker argues that because of the factual sensitivity in search and seizure cases and because of the importance placed on interlocutory appeal upon Officer Wallace's testimony, a substantially different factual circumstance exists than at the time of our prior decision.

When additional information distinguishes the case factually from the case decided in the first appeal, the law of the case doctrine does not apply. *Estate of Martin v. Consolidated Rail Corp.*, 667 N.E.2d 219, 220 (Ind.Ct.App.1996). The results of the motion to suppress hearing and the interlocutory review were based on the evidence submitted at that time. At trial, Wallace's testimony provided information contrary to that available at the interlocutory appeal. At the hearing on the motion to suppress, Officer Wallace testified that when he "touched the pocket and felt the object in the pocket, and the reason why [he] was there, [he] *immediately knew* at that time." *Suppression Hearing Record* at 75 (emphasis added). At trial, Officer Wallace admitted that he "*merely suspected* [the object in Parker's pocket] to be suspected narcotics." *Record* at 143 (emphasis added). As a result, the law of the case doctrine does not bar our consideration of Parker's Fourth Amendment claim based upon Wallace's sworn trial testimony.

## II.

### Plain Feel Seizure

Parker argues that the trial court erred in admitting the cocaine because it was seized in violation of his constitutional right against unreasonable seizures. Specifically, he contends the seizure of the cocaine unreasonably exceeded the permissible bounds of the "plain feel" doctrine.

The trial court has broad discretion in ruling on the admissibility of evidence. *Bacher v. State*, 686 N.E.2d 791, 795 (Ind. 1997). We will not disturb its decision absent a showing of abuse of that discretion.

*Id.* The Fourth Amendment to the United States Constitution and Article I, section 11 of the Indiana Constitution guarantee "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Generally, a search must be reasonable and conducted pursuant to a properly issued warrant. *Rabadi v. State*, 541 N.E.2d 271, 274 (Ind.1989). The warrant requirement is nearly absolute; if a search is conducted without a warrant, the State bears the burden of proving the search was justified under one of the limited exceptions to the warrant requirement. *State v. Tucker*, 588 N.E.2d 579, 580 (Ind.Ct.App.1992).

In this case, the exception relied upon by the State is the *Terry* investigatory stop and frisk. The *Terry* stop exception permits a police officer to stop and detain a person for investigative purposes if the officer has a reasonable suspicion, supported by articulable facts, that criminal activity "may be afoot[,]" even if the officer lacks probable cause. *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911. After making a *Terry* stop, if an officer has a reasonable fear of danger, he may perform a carefully limited patdown of the outer clothing of the suspect in an attempt to discover weapons which might be used to assault the officer. *Id.* at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. The *Terry* patdown should be confined to its protective purpose. *Id.* at 29–30, 88 S.Ct. at 1883, 20 L.Ed.2d at 910–11. If the facts known by the officer at the time of the stop are such that a man of reasonable caution would believe that the action taken was appropriate, the Fourth Amendment is satisfied. *Bratcher v. State*, 661 N.E.2d 828, 831 (Ind.Ct.App.1996).

In *Minnesota v. Dickerson*, 508 U.S. at 375–76, 113 S.Ct. at 2137, 124 L.Ed.2d at 346 (1993), the United States Supreme Court held that an officer, while performing a *Terry* stop and patdown, may seize non-threatening contraband upon limited conditions:

"If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass *makes its identity immediately apparent,* there has been no

invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context."

(Emphasis added). Once the officer concludes that the suspect is not in possession of a weapon, the "continued exploration of [the suspect's] pocket ... [is] unrelated to '[t]he sole justification of the search [under *Terry*].'" *Id.* at 378, 113 S.Ct. at 2138–39, 124 L.Ed.2d at 347–48 (quoting, *Terry*, 392 U.S. at 26, 88 S.Ct. at 1882, 20 L.Ed.2d at 908–09).

The contours of the "plain feel" doctrine were explored by this court in *C.D.T. v. State*, 653 N.E.2d 1041, 1047 (Ind.Ct.App. 1995). There, we held that a police officer overstepped the bounds of a *Terry* patdown when the search was continued after determining that the suspect did not possess any weapons and when the incriminating character of the object was not immediately apparent to the officer. Similarly, in *Jackson v. State*, 669 N.E.2d 744 (Ind.Ct.App.1996), we held that an officer, after a valid *Terry* patdown, exceeded the scope of a permissible "plain feel" seizure. The officer testified that the identity of the chalky white substance in a partially transparent container was not immediately apparent to him, although he highly suspected the substance to be cocaine. The violation of the suspect's Fourth Amendment right occurred when the officer opened the container because at that point it was clear that the container did not contain a weapon, while it was not immediately apparent that the substance was cocaine. By contrast in *Walker v. State*, 661 N.E.2d 869 (Ind.Ct.App.1996), this court affirmed the trial court's denial of the defendant's motion to suppress the evidence of marijuana. The officer who performed the patdown testified that after touching the item he knew it was not a weapon, but "instantaneously" realized the substance was marijuana. *Id.* at 871.

■ Here, at the suppression hearing, Wallace testified that he immediately determined the presence of the cocaine; on interlocutory review, we determined that this was sufficient for the trial court to conclude that the requirements of the "plain feel" doctrine had been satisfied. However, Wallace's testimony at trial was that he "merely suspected" the object to be narcotics. *Record* at 143. The "plain feel" doctrine requires that the identity of the object be immediately apparent or instantaneously ascertainable. Merely suspecting the nature of an object is insufficient. Here, Wallace had only a suspicion regarding the nature of the substance. The requirement of the "plain feel" doctrine was not satisfied. The seizure of the evidence violated Parker's Fourth Amendment right, and the admission of the evidence, over Parker's objection, was a reversible error.

Reversed.

SULLIVAN and BAKER, JJ., concur.