"Jane DOE", Appellant,

v.

Carl M. TOBIAS, Appellee.

No. 72A01–9712–CV–394.

Court of Appeals of Indiana.

Oct. 19, 1998.

Vicki L. Carmichael, Lonnie Thomas Cooper, Jeffersonville, for Appellant.

Earl C. Mullins, Jr., Louisville, KY, for Appellee.

## OPINION

GARRARD, Judge.

### Case Summary

"Jane Doe" appeals the trial court's denial of her motion for partial summary judgment. We affirm.

### Issue

The issue concerns the conclusiveness of a criminal conviction in determining liability in a civil action for damages.

### Facts and Procedural History

Carl Tobias was convicted of rape and sexual battery for attacking a juvenile, "Doe", at a campground located at the Hardy Lake State Reservoir in Scott County, Indiana. Tobias appealed his conviction and sentence to the court of appeals. This court reversed Tobias' conviction holding that the reasonable doubt instruction given to the jury at trial constituted fundamental error. *Tobias v. State,* 659 N.E.2d 246, 249–50 (Ind. Ct.App.1995). The Indiana Supreme Court granted transfer and affirmed the trial court's judgment of conviction holding that the error, if any, was not fundamental. *Tobias v. State,* 666 N.E.2d 68 (Ind.1996). During the criminal appeal, Doe filed a complaint for civil damages. No action took place on the civil case until the supreme court rendered a decision on the criminal appeal. Following the supreme court's decision, Doe filed a motion for partial summary judgment. The trial court denied the motion and we granted this interlocutory appeal pursuant to Ind.App. Rule 4(B)(6).

### Discussion and Decision

Doe filed a motion for partial summary judgment claiming that she is entitled to judgment as a matter of law on the issue of Tobias' liability. She specifically asserts that because Tobias was found guilty in a criminal proceeding of raping and sexually assaulting her, this issue should not be relitigated in the civil proceeding. Summary judgment is appropriate only where the designated evidentiary materials show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The party seeking summary judgment bears the burden of establishing the propriety of the motion. *Fast Eddie's v. Hall,* 688 N.E.2d 1270, 1272 (Ind.Ct.App.1997). Once the movant has sustained this burden, the non-moving party must respond by setting forth evidence to show that a genuine issue exists for trial. *Id.*

■■ In her motion for partial summary judgment, Doe relied in part on Indiana Code § 34-3-18-1. This statute provides:

Evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from

admission as hearsay regardless of whether the declarant is available as a witness.

In *Kimberlin v. DeLong,* 637 N.E.2d 121 (Ind.1994), *reh'g denied, cert. denied,* 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995), our supreme court held that, under Indiana Code § 34–3–18–1, a criminal conviction, while admissible as evidence in a civil trial, may not be conclusive proof in a civil action of the factual issues determined by the criminal judgment. *Id.* at 124. Thus, Tobias' conviction for rape and sexual assault alone cannot create a conclusive and irrebuttable presumption of liability in the civil proceeding.

■ Doe further argues that Tobias is collaterally estopped from relitigating the issue of liability. Generally, collateral estoppel operates to bar subsequent relitigation of an issue or fact where that issue or fact was necessarily adjudicated in a former lawsuit and is then presented in a subsequent lawsuit. *Sullivan v. American Casualty Co.,* 605 N.E.2d 134, 137 (Ind.1992). Collateral estoppel has been characterized as "offensive" or "defensive" depending on how a party asserts the prior judgment. The term "offensive" collateral estoppel has been used to describe a situation where the "plaintiff seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party." *Tofany v. NBS Imaging Systems, Inc.,* 616 N.E.2d 1034, 1037 (Ind.1993) (citing *Parklane Hosiery v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979)). Similarly, when the defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff previously asserted and lost against another defendant, this has been termed "defensive" collateral estoppel. *Id.* Here, Doe seeks to advance an "offensive" collateral estoppel claim.

■ The offensive use of collateral estoppel has traditionally been viewed as somewhat more problematic than the defensive use of collateral estoppel.[1] Nonetheless, our supreme court held in *Tofany* that offensive collateral estoppel may be used, subject to certain requirements, as it tends to prevent unnecessary relitigation of issues and promotes consistent trial court judgments. *Id.* at 1038. "Determining the appropriateness of offensive collateral estoppel involves two considerations: 1) whether the party in the prior action had a full and fair opportunity to litigate the issue and 2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case." *Id.; Kimberlin,* 637 N.E.2d at 125.

■ In deciding whether a party had a full and fair opportunity to litigate an issue, a court may consider several factors. It may consider the defendant's incentive to litigate the prior action, the interest at stake for the defendant in the prior action, or how the defendant perceived this interest. *Tofany,* 616 N.E.2d at 1038–39. A court may also consider whether the forum in which the action was defended was convenient or whether it prevented the defendant from presenting witnesses or taking depositions. *Id.* at 1039. Lastly, a court may examine how vigorously a party was defended at trial. *See Rimert v. Mortell,* 680 N.E.2d 867, 876 (Ind.Ct.App.1997), *trans. denied; Kimberlin,* 637 N.E.2d at 125. Generally, a criminal trial that results in a conviction that is later affirmed on appeal "clearly meets or exceeds the equivalence of a full and fair opportunity to litigate...." *Kimberlin,* 637 N.E.2d at 125. Because the reasonable doubt standard of proof is more protective than the civil preponderance of evidence standard, our supreme court has stated that "[u]nder these circumstances, the application of collateral estoppel is not unfair." *Id.; see also Rimert,* 680 N.E.2d at 876.

1. In *Parklane Hosiery,* the Supreme Court examined the two general challenges to offensive collateral estoppel. The first challenge is that the use of offensive collateral estoppel does not promote judicial economy as well as defensive collateral estoppel because it encourages potential plaintiffs to wait for a favorable outcome and assert prior judgments against defendants rather than providing them incentive to intervene in the first action. The second challenge is that unfairness to the defendant may result from the use of offensive collateral estoppel. For these reasons, the Supreme Court set forth certain factors to be considered in allowing the use of offensive collateral estoppel and these factors have been adopted by our supreme court. *Tofany,* 616 N.E.2d at 1038 (citing *Parklane Hosiery,* 439 U.S. at 330–32, 99 S.Ct. at 651–52).

With respect to the fairness of using offensive collateral estoppel against the defendant, the Court in *Parklane Hosiery* explained that unfairness may result from, but is not limited to, the following situations:

> (a) where the defendant had little incentive to vigorously litigate the first action either because the damages were small or nominal, or because future suits were not foreseeable;
>
> (b) where the judgment relied upon for estoppel is inconsistent with one or more previous judgments in which the defendant was successful; or
>
> (c) where procedural opportunities are available to the defendant in the latter action which were unavailable to him in the previous action and which would likely affect the result.

*Tofany*, 616 N.E.2d at 1038 (quoting *Parklane Hosiery*, 439 U.S. at 330–31, 99 S.Ct. at 651–52). The Court also stated that the trial court should not allow offensive collateral estoppel where the plaintiff could have easily joined the prior action.[2] *Id.*

In making the determination to grant or deny a claim of offensive collateral estoppel, the trial court is afforded broad discretion. *Tofany*, 616 N.E.2d at 1038. A trial court's decision to disallow the offensive use of collateral estoppel will only be reversed upon a showing that the trial court abused its discretion. *Id.* at 1039. An abuse of discretion will be found if the trial court's ruling is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 167 (Ind.1996).

As the moving party, Doe had the burden of demonstrating the absence of material fact and that the law was in her favor. Because she asserted offensive collateral estoppel, this burden involved establishing for the court that Tobias had a full and fair opportunity to litigate the issue of liability in the prior action and that it is not otherwise unfair to allow offensive collateral estoppel. In *Kimberlin*, our supreme court stated, "[a]lthough the fact of a criminal felony conviction is not necessarily conclusive, ... it may potentially provide a basis for the offensive use of collateral estoppel." *Kimberlin*, 637 N.E.2d at 125. The court went on to affirm the trial court's decision to allow the use of collateral estoppel because, "Kimberlin's criminal trial in federal district court resulted in convictions later affirmed on appeal ...." and "[t]he federal criminal charges were defended vigorously...." *Id.* Similarly, in *Rimert*, this court affirmed the use of offensive collateral estoppel where the defendant "zealously defended against his criminal charges." *Rimert*, 680 N.E.2d at 876. Thus, when asserting offensive collateral estoppel, the moving party should not rest entirely on the prior criminal conviction, but should also designate, where possible, other evidence demonstrating to the trial court that the non-moving party had a full and fair opportunity to litigate the issue in the prior action and that it is not otherwise unfair to allow the offensive use of collateral estoppel.

In support of her motion for partial summary judgment, Doe designated to the trial court as evidence the pleadings, the judgment of conviction entered against Tobias on the rape and sexual battery charges, and the court of appeals and supreme court opinions on Tobias' appeal of the criminal conviction. Record at 94. Doe also set forth the fact that Tobias took the stand in his own defense as evidence that he was afforded ample opportunity to defend himself. Based on *Kimberlin*, this evidence appears sufficient to demonstrate that Tobias had a full and fair opportunity to litigate the issue of his liability during the criminal trial. Assuming that Doe did present sufficient evidence that no genuine factual issue exists, the burden then shifted to Tobias to set forth specific facts indicating an issue of material fact; that is, the burden rested on Tobias to show that he did not have a full and fair opportunity to litigate the issue of his liability, or that it is otherwise unfair to allow offensive collateral estoppel.

In support of these contentions, Tobias made several arguments. Specifically, Tobias argued that because both the court of

---

2. This inquiry is unavailable here since Doe could not have joined the prior criminal action.

appeals and the supreme court found error in his trial (although the supreme court ultimately decided that the error was harmless), he should be allowed to try a different strategy in the civil proceeding. Tobias also stated that he wished to present new evidence, consistent with the testimony presented at the criminal trial, that Doe "was constantly changing her story" and that she has, in part, recanted her claim that Tobias attacked her. Appellee's Br. at 12. Based on the foregoing, the trial court denied Doe's motion for partial summary judgment. We must determine whether the trial court abused its discretion in so doing.

In *Tofany*, our supreme court reviewed a trial court's decision to deny a motion for partial summary judgment that urged the offensive use of collateral estoppel. Tofany was an employee for NBS Imaging Systems, Inc. who was terminated after a change in management occurred at the company. *Tofany*, 616 N.E.2d at 1035. After his termination, Tofany claimed that he had an employment agreement with NBS and that he was entitled to executive retirement plan benefits, unreimbursed expenses, and stock funds. Tofany filed a motion for partial summary judgment contending that NBS was barred from relitigating the existence of the employment agreement after it lost a similar claim in federal district court in an action filed by another former NBS employee. *Id.* at 1036. The trial court denied this motion and Tofany appealed. *Id.*

Our supreme court affirmed the trial court's decision to deny the motion. In making its decision, the court stated:

> Collateral estoppel promotes judicial economy; in particular, it reduces the amount of time devoted to retrying previously litigated issues. For example, when the trial court allows a party to assert collateral estoppel offensively, the trial court becomes free to devote its time to other matters. By the same token, if a trial court determines that the offensive use of collateral estoppel is inappropriate, great deference is given to this decision because it is the trial court which will devote time to try the case. As a result, the trial court's decision to disallow the offensive

use of collateral estoppel will only be reversed upon a showing that the trial court abused its discretion.

*Id.*

When the trial court in *Tofany* entered its decision denying Tofany's motion for partial summary judgment, it did so without making special findings. Nevertheless, our supreme court affirmed the trial court based on what the trial court "could have found" in making its decision. For example, the court stated, "[t]he trial court could have found that Tofany could easily have joined the first action" and "the trial court could have considered ... that ... the issue of the pension plan's existence was on appeal at the time of its deliberation." *Id.*

 Here, the trial court did not make findings but simply denied Doe's motion. In reviewing the trial court's decision to disallow the use of offensive collateral estoppel, we must afford the court "great deference." *Id.* Under this standard, the trial court could have properly denied the motion. The trial court could have decided that it would be unfair to allow collateral estoppel where Tobias claimed to have new evidence regarding Doe's reliability. The trial court could also have decided that Tobias should be allowed to try a new defense strategy in the civil proceeding. It is the trial court that has the responsibility of retrying the issue and we must afford the trial court the discretion to act in accord with what it finds to be fair and equitable in this case. *Id.* The trial court's determination was not clearly against the logic and effect of the circumstances. Therefore, we find that the trial court did not abuse its discretion.

Affirmed.

RUCKER and RILEY, JJ., concur.