"Jane DOE," Appellant,

v.

Carl M. TOBIAS, Appellee.

No. 72S01–9902–CV–147.

Supreme Court of Indiana.

Aug. 31, 1999.

Vicki L. Carmichael, Lonnie Thomas Cooper, Jeffersonville, Indiana, Attorneys for Appellant.

Earl C. Mullins, Jr., Louisville, Kentucky, Attorney for Appellee.

## ON PETITION TO TRANSFER

BOEHM, Justice.

We hold that a trial court should apply offensive collateral estoppel against a convicted criminal defendant on issues that were defended vigorously in the criminal case in the absence of a showing that it is unfair to the defendant to give conclusive effect to the conviction.

### Factual and Procedural Background

A full recitation of the facts of Carl M. Tobias' criminal case is found in *Tobias v. State*, 666 N.E.2d 68 (Ind.1996). The facts relevant to this case are few. Tobias was convicted for the rape and sexual battery of a juvenile, "Doe," on August 5, 1994. He was sentenced to eight years on the rape conviction and one year on the sexual battery conviction. The Court of Appeals reversed Tobias' conviction, finding error in the reasonable doubt instruction given at the trial. *Tobias v. State*, 659 N.E.2d 246 (Ind.Ct.App. 1995). However, this Court granted transfer and affirmed the trial court. *Tobias*, 666 N.E.2d at 68.

Doe filed a civil complaint for damages against Tobias before the criminal case was tried, but the parties agreed that the civil case would not proceed until the appeal in the criminal case was completed. After this Court affirmed the conviction, Doe filed a motion for partial summary judgment in the civil case, asking the trial court to accept the criminal conviction as conclusive of Tobias' liability, but not damages. The motion was denied by the trial court.

An interlocutory appeal was taken, and the Court of Appeals affirmed the trial court's denial of partial summary judgment. *Doe v. Tobias*, 700 N.E.2d 796 (Ind.Ct.App.1998). The court reasoned that under *Tofany v. NBS Imaging Systems, Inc.*, 616 N.E.2d 1034 (Ind.1993), the trial court should be given great deference in determining the appropriateness of offensive collateral estoppel and should be reversed only on a showing that the trial court abused its discretion. *Tobias*, 700 N.E.2d at 801. In evaluating abuse of discretion the Court of Appeals held it was appropriate to give weight to any factors the trial court "could have" used in denying the use of offensive collateral estoppel. The Court of Appeals identified the possibilities that Tobias might introduce new evidence bearing on Doe's reliability as a witness, or that Tobias might pursue a new defense strategy as potential basis for the

trial court's ruling and then found no abuse of discretion. *Id.* We granted transfer to address this issue. We reverse the trial court, and remand with instructions to enter partial summary judgment on the issue of liability in favor of Doe.

## The Effect of Indiana Code Section 34–3–18–1

█ In her motion for partial summary judgment, Doe relied in part on Indiana Code § 34–3–18–1 (1993),[1] which provides:

Evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness.

In *Kimberlin v. DeLong,* 637 N.E.2d 121 (Ind.1994), we held that this section renders a criminal conviction admissible as evidence in a civil trial, but the conviction "is not necessarily conclusive proof in the civil trial of the factual issues determined by the criminal judgment." *Id.* at 124. We adhere to the view that the statute provides for the admission of a judgment, but does not necessarily render it conclusive.

## Offensive Collateral Estoppel

█ The statute is not the only source of preclusive effect. In *Kimberlin* we recognized that although evidence of a criminal conviction cannot be used as conclusive proof, it "may potentially provide a basis for the offensive use of collateral estoppel." *Id.* at 125. Collateral estoppel may bar the subsequent relitigation of a fact or issue that was necessarily adjudicated in a prior lawsuit. *Id.* (citing *Sullivan v. American Casualty Co.,* 605 N.E.2d 134, 137 (Ind.1992)). Collateral estoppel is termed "offensive" when the "plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Id.* (citing *Parklane Hosiery Co. Inc. v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

*Kimberlin* upheld the trial court's decision to give offensive collateral estoppel effect to a criminal conviction. *Id.* Kimberlin, the popularly designated "Speedway Bomber," had previously been convicted of injuring people and destroying property by means of an explosive. *Id.* at 123. The injured parties in the explosion later sued Kimberlin, and the trial court granted partial summary judgment on the issue of liability. *Id.* at 123–24. We held that because the criminal charges were defended vigorously at trial and on appeal, and Kimberlin was found guilty beyond a reasonable doubt, this "clearly meets or exceeds the equivalence of a full and fair opportunity to litigate the facts determinative of his civil liability." *Id.* at 125.

In this case, it seems clear that if the trial court had granted partial summary judgment in favor of Doe it would be affirmed under *Kimberlin.* Tobias was convicted of rape and sexual battery under a reasonable doubt standard and he had an opportunity to defend himself at trial and on appeal. However, Tobias contends, and the Court of Appeals agreed, that even though the trial court had the power to grant partial summary judgment in favor of Doe, the trial court also had discretion to deny the motion. The Court of Appeals relied on *Tofany* for the proposition that when a trial court denies a motion for partial summary judgment involving offensive collateral estoppel, the decision should be upheld based on what the trial court "could have found." *Tobias,* 700 N.E.2d at 801.

█ We do not agree with the Court of Appeals that the trial court has unfettered discretion to deny offensive collateral estoppel when the first litigated case involved a criminal proceeding and the defendant was proven guilty beyond a reasonable doubt. *Tofany* adopted for Indiana state law the requirements for offensive collateral estoppel developed in *Parklane Hosiery,* and in doing so recognized that the trial court has "broad discretion" in deciding whether to permit offensive collateral estoppel based on a prior civil proceeding. *Tofany,* 616 N.E.2d at 1038. In general, this is correct, but its application to a prior criminal conviction re-

---

**1.** This section is now codified at Indiana Code § 34–39–3–1 (1998).

quires somewhat different considerations. First, the reasoning of *Parklane* and *Tofany* is in significant part inapplicable to the offensive use of a criminal conviction. Both *Parklane* and *Tofany* observed that the offensive use of collateral estoppel is more problematic than the defensive use of collateral estoppel. One aspect of this issue is that collateral estoppel is rooted in part in the concern for judicial economy. The use of offensive collateral estoppel in a civil context may actually reduce judicial economy by giving a later plaintiff an incentive to refrain from intervening in the first suit, and "wait for a favorable outcome ... to assert the prior judgment against the defendant in a second action." *Id.* (citing *Parklane Hosiery*, 439 U.S. at 332–33, 99 S.Ct. 645). This consideration, however, is wholly inapplicable where the prior litigation was a criminal conviction. The victim does not have the opportunity to join in the criminal case, and the decision to "wait and see" whether to file a civil suit cannot result in duplicative litigation.

■■■ A second area of concern is unfairness to the defendants. In determining whether to allow the use of offensive collateral estoppel, the trial court must consider: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case. *Id.* These considerations, as a general proposition, are appropriate to evaluation of offensive use of a criminal conviction. However, the factors that support unfairness in a civil context are often inapplicable to a prior criminal conviction. *Tofany* stated that unfairness to the party against whom the estoppel is asserted may result in the following situations:

(a) where the defendant had little incentive to vigorously litigate the first action either because the damages were small or nominal, or because future suits were not foreseeable;

(b) where the judgment relied upon for estoppel is inconsistent with one or more previous judgments in which the defendant was successful; or

(c) where the procedural opportunities are available to the defendant in the later action which were unavailable to him in the previous action and which would likely affect the result.

*Id.* (quoting *Parklane Hosiery*, 439 U.S. at 330–31, 99 S.Ct. 645). In evaluating these possibilities, the trial court is to consider "the defendant's incentive to litigate the prior action, the defendant's ability to defend the prior action, and the ability of the plaintiff to have joined the prior action." *Id.*

In this case none of the problems associated with offensive collateral estoppel applies. As already noted, the plaintiff's ability to join the first suit is not a factor in considering the effect to be given to a prior criminal conviction. The defendant's lack of an incentive to litigate the first action is also not a significant factor as will presumably be true in most criminal convictions.[2] The *Tofany* formulation of this factor is to consider the "interest at stake for the defendant ... [and] whether the forum in which the action was defended allowed the defendant to participate in the full range of discovery." *Id.* at 1039. In an Indiana criminal prosecution the defendant has the full range of discovery. *See In re WTHR–TV*, 693 N.E.2d 1, 5 (Ind. 1998) (citing *Rita v. State*, 674 N.E.2d 968, 970 n. 3 (Ind.1996)) (rules of trial procedure generally apply to criminal proceedings absent a conflicting criminal rule). And although there may be criminal prosecutions that are in effect defaulted, there can be no doubt that the defendant in a B felony case has full incentive to defend. The defendant's ability to defend also presents somewhat different considerations if the prior case is a criminal prosecution. The defendant typically, as here, has appointed counsel. It is therefore appropriate to permit the defendant to raise issues similar to those presented by claims of ineffective assistance of counsel insofar as they bear on the fairness of holding the defendant to the results of the criminal trial. But as to those it should be the convicted defendant's burden to present persuasive evidence of inability or ineffective-

2. Some jurisdictions accept this as conclusive and hold that judgments of conviction "preclude relitigation of issues necessarily decided." 47 AM.JUR.2D *Judgments* § 733 (1995).

ness in presenting a defense. Here we find none.

Tobias presents his arguments against preclusion of relitigation of liability only in terms of Indiana Code § 34–3–18–1 (1993). Doe responds by pointing to *Kimberlin* and *Hawkins v. Auto–Owners Mutual Insurance Co.*, 608 N.E.2d 1358 (Ind.1993), but Tobias does not directly address the doctrine of offensive collateral estoppel. Tobias does, however, argue that the trial court's decision was suspect. Thus, he implicitly contends that its use of offensive collateral estoppel is unfair, and the issue is not waived. Nonetheless, Tobias argues only that the trial court "could have" denied the motion for partial summary judgment based on the possibilities that he might introduce new unspecified evidence bearing on Doe's reliability or that he might pursue a new unidentified defense strategy. These are always possibilities, but we are directed to nothing that suggests the criminal proceeding was unfair or unreliable.

■ In sum, the trial court is given broad discretion in evaluating the fairness of offensive collateral estoppel, but that discretion is not unbounded. Rather, the trial court is to consider the *Parklane/Tofany* factors together with any other factors that bear on fairness, and determine whether the use of offensive collateral estoppel is unfair. The convicted defendant bears the burden of showing that preclusion is unfair.[3] In evaluating fairness to Tobias, none of the *Parklane/Tofany* concerns applies. Tobias faced a serious criminal charge and had every incentive to defend it vigorously. There is no suggestion that full discovery was unavailable to him. The burden of proof of beyond a reasonable doubt in Tobias' criminal proceeding was higher than the preponderance of the evidence required for a civil judgment.

*See* 47 AM.JUR.2D *Judgments* § 732 (1995) (higher standard of proof and numerous procedural safeguards provide rationale for giving preclusive effect of criminal convictions in civil proceedings). Thus, none of the policy concerns identified in *Tofany* or *Parklane Hosiery* that may limit the use of offensive collateral estoppel is evident here, and there is no other showing of unfairness in preclusion. Under these circumstances, it was an abuse of discretion to deny collateral estoppel effect to Tobias' conviction.

### Conclusion

This case is remanded with instructions to grant Doe's motion for partial summary judgment.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

3. The Restatement states that "[a] judgment in favor of the prosecuting authority is preclusive in favor of the a third person in a civil action: (a) against the defendant in the criminal prosecution ...." unless the defendant lacked full and fair opportunity to litigate or other circumstances justify affording the defendant an opportunity to relitigate the issues. These circumstances include: (1) treating the issues as conclusive would be incompatible with the remedies in the action, (2) the second forum affords the party procedural opportunities the first did not, (3) the party seeking preclusion could have joined the first action, (4) the determination was inconsistent with another determination on the same issue, (5) the prior determination was based on a compromise verdict, (6) treating the issues as conclusive will complicate the determination of issues in the second action, (7) treating it as conclusive would inappropriately foreclose application of a legal rule, and (8) other compelling circumstances. RESTATEMENT (SECOND) OF JUDGMENTS § 85 & 29 (1982).