In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-2765

LARRY D. BEST, JR.,

*Plaintiff-Appellant,*

*v.*

CITY OF PORTLAND, et al.,*

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 03 C 402—**William C. Lee**, *Judge.*

SUBMITTED NOVEMBER 13, 2008**—DECIDED FEBRUARY 3, 2009

---

* The caption in the district court listed the Portland Police Department as a defendant, but a police department is not a suable entity under § 1983. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). We have adjusted the caption accordingly.

** After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

Before MANION, WILLIAMS, and SYKES, *Circuit Judges*.

WILLIAMS, *Circuit Judge*.  In this appeal we must determine the preclusive effect in a federal civil suit of the denial of a suppression motion in an earlier Indiana state criminal case that never reached the merits of the criminal charges. The denial of the suppression motion was affirmed in an interlocutory appeal, but the affirmance was followed by a motion in the trial court to reconsider based on new evidence. The trial court never ruled on that second motion because the government dismissed the prosecution. Applying Indiana law, as we must under 28 U.S.C. § 1738, we hold that the denial of the suppression motion does not have later preclusive effect because it was an interlocutory ruling that was never subsumed within a final judgment on the merits. We also hold that the use of a criminal defendant's statements at a suppression hearing held after charges are initiated constitutes use in a "criminal case," and can be the basis of a valid Fifth Amendment claim.

## I. BACKGROUND

Larry Best was charged in Indiana state court with possession of methamphetamine and possession with intent to distribute methamphetamine. The evidence against Best came from searches of two homes: one based on a warrant and one with the consent of the homeowner. Best moved to suppress the evidence, arguing that both searches violated the Fourth Amendment, but the trial court denied his motion. Under Indiana law, a defendant may immediately appeal the denial of a sup-

pression motion if the trial court certifies the appeal and the court of appeals accepts jurisdiction. *See* IND. R. APP. P. 14(B); *State v. Foy*, 862 N.E.2d 1219, 1223 (Ind. Ct. App. 2007). Best took that route, and the court of appeals affirmed. *Best v. State*, 821 N.E.2d 419 (Ind. Ct. App. 2005). After his case returned to the trial court, Best deposed Officer Judson Wickey, who had led the searches. Best believed that Wickey's deposition revealed new information that would support suppression of the evidence, so he filed a motion to reconsider his original motion to suppress. Before the court ruled on that motion, though, the prosecutor dropped the charges against Best.

While Best's criminal case was proceeding, he filed a civil suit in federal court under 42 U.S.C. § 1983 naming the City of Portland, the Portland Police Department, and four police officers as defendants, claiming that the searches and prosecution violated his constitutional rights. The district court stayed Best's civil suit while the criminal trial progressed in state court. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). After the prosecutor dismissed the criminal case, the district court lifted the stay, the parties began to take discovery, and the district court granted summary judgment for all defendants on all of Best's claims. The court granted summary judgment for the police department and the city because Best conceded that he had no evidence of a policy or practice of depriving citizens of their constitutional rights. The court granted summary judgment for the officers on Best's Fourth Amendment claims based on collateral estoppel. According to the district court, the state-court ruling on the suppression motion and its affirmance on appeal

barred Best from relitigating the constitutionality of the searches in federal court. The district court also held that Best's Fifth Amendment right against self incrimination could not have been violated because the case was dismissed before it went to trial.

## II. ANALYSIS

We review the district court's grant of summary judgment de novo. *See Miller v. American Airlines, Inc.*, 525 F.3d 520, 523 (7th Cir. 2008). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Miller*, 525 F.3d at 523. At the outset, we note that we cannot consider Best's argument that, despite his concession to the contrary in the district court, he did present sufficient evidence of a policy or practice by the city of depriving citizens of their constitutional rights. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). As we have explained, "attorneys speak for their clients in court, and once a position is announced, backpedaling on appeal cannot be allowed." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 631 (7th Cir. 2001). We consider Best's other arguments below.

### A.  Best's Fourth Amendment Claims

First, Best argues that the district court erred in its ruling on collateral estoppel. He begins by renewing an argument that he made to the district court: by not raising

collateral estoppel until their motion for summary judgment, the officers waived the defense. Collateral estoppel is an affirmative defense that must ordinarily be included in the defendant's answer, s*ee* FED. R. CIV. P. 8(c), but "a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result*." Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). The district court called Best's argument that he was harmed by the delay a "technical argument" and did not rule on it, reasoning that it had the power to raise the issue of collateral estoppel on its own. *See Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). Indeed, a district court can raise an affirmative defense sua sponte when "a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). But we question whether a ruling on an issue can be described as having been made "sua sponte" when a party has actually raised the issue. In any event, as explained below, collateral estoppel does not bar Best's Fourth Amendment claims. And since collateral estoppel is not a valid defense, we need not consider the defendants' delay in raising it.

The district court began its analysis by citing our opinion in *Adair v. Sherman*, 230 F.3d 890 (7th Cir. 2000), for the four elements that must be met for a claim to be collaterally estopped. *Adair*, however, addressed the collateral estoppel effect of a federal court ruling in a later federal court case. To determine the collateral estoppel effect of a state court ruling in a later federal court case, the district court should have used Indiana's

law of collateral estoppel. *See* 28 U.S.C. § 1738; *In re Catt*, 368 F.3d 789, 790-91 (7th Cir. 2004). Indiana law on collateral estoppel is similar to federal law, but it is not identical.

Under Indiana law, collateral estoppel "'bars subsequent litigation of an issue necessarily adjudicated in a former suit if the same issue is presented in the subsequent suit.'" *Bourbon Mini-Mart, Inc. v. Gast Fuel & Services, Inc.*, 783 N.E.2d 253, 257 (Ind. 2003) (quoting *Shell Oil Company v. Meyer*, 705 N.E.2d 962, 968 (Ind. 1998)). Collateral estoppel requires a "final judgment on the merits" in the first suit. *Sweeney v. State*, 704 N.E.2d 86, 94 (Ind. 1998). A court asked to apply collateral estoppel must "determine what the first judgment decided and then examine how that determination bears on the second case." *Sullivan v. American Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 139 (Ind. 1992).

In this case the officers argue, and the district court held, that the legality of the searches was necessarily and finally adjudicated in Best's criminal prosecution and cannot be relitigated. But this argument ignores the preliminary nature of the ruling on Best's pretrial suppression motion. Under Indiana law, "rulings on pretrial motions are not necessarily final." *Joyner v. State*, 678 N.E.2d 386, 393 (Ind. 1997). "'[A] ruling on a pretrial motion to suppress is not intended to serve as the final expression concerning admissibility.'" *Id. (*quoting *Gajdos v. State*, 462 N.E.2d 1017, 1022 (Ind. 1984)). The court was free to reconsider its earlier ruling on the pretrial suppression motion at any time before the evidence was

offered at trial. *Id.* In fact, Best asked the court to do just that before the prosecutor dismissed the case.

The officers respond that Best *could* have presented earlier the new evidence that he presented in his second motion. But under Indiana law, Best was not required to do that. He was free to file a later suppression motion based on new evidence, *id.*, and he did so. In fact, to preserve the issue for another appeal, Best would have been *required* to renew his objection when the evidence was offered at trial. *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000); *see also Parker v. State*, 697 N.E.2d 1265, 1267 (Ind. Ct. App. 1998) (reversing conviction because evidence was seized illegally even though court had earlier affirmed denial of motion to suppress in an interlocutory appeal). Thus, the suppression ruling was not final because it was open to reconsideration—both by the trial court on Best's renewed motion and during a second appeal if he was convicted.

The ruling lacks preclusive effect for another reason: because the prosecutor voluntarily dismissed the case, there was no "final judgment on the merits," as collateral estoppel requires. Had the case terminated with a final judgment of conviction, the denial of Best's suppression motion would have preclusive effect. *See Doe v. Tobias*, 715 N.E.2d 829, 830 (Ind. 1999) (conviction has preclusive effect on "issues that were defended vigorously in the criminal case"); *Starzenski v. City of Elkhart*, 87 F.3d 872, 877 (7th Cir. 1996); *Studio Art Theatre of Evansville, Inc. v. City of Evansville*, 76 F.3d 128, 130-31 (7th Cir. 1996). But under Indiana law, a prosecutor may voluntarily dismiss

an indictment or information before trial for any reason and without court approval. *See* IND. CODE § 35-34-1-13; *Willoughby v. State*, 660 N.E.2d 570, 577 (Ind. 1996). The case thus ends with no merits judgment by the court. Consequently, when a prosecutor dismisses a case following a ruling on a suppression motion and refiles the case, the ruling in the first case does not foreclose reconsideration of the issue in the second one. *Joyner*, 678 N.E.2d at 393-94. As the Indiana Supreme Court has explained, "the preliminary ruling on the defendant's motion to suppress would have been subject to modification at trial." *Id.* at 393. This reasoning applies with equal force to the ruling in Best's case. Had the prosecutor not voluntarily dismissed, the suppression ruling could have been reexamined by the trial court, and again in a second appeal, based on new evidence. *See, e.g., Parker*, 697 N.E.2d at 1267. But because the prosecutor dismissed the case while Best's motion to reconsider was pending, there is no merits judgment. Accordingly, the suppression ruling has no preclusive effect in later litigation. The district court should not have granted summary judgment to the officers on Best's Fourth Amendment claims on this basis.

In so holding, we express no opinion about the merits of Best's Fourth Amendment claims. Ordinarily, we may affirm a grant of summary judgment on any alternative basis found in the record as long as that basis was adequately considered by the district court and the nonmoving party had an opportunity to contest it. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). However, there is no such alternative basis here. Best did

not have the opportunity to present the merits of his Fourth Amendment claim because collateral estoppel was the only argument that the officers raised in support of summary judgment. Therefore, a remand for further proceedings is appropriate. *See Smurfit Newsprint Corp. v. Southeast Paper Mfg.*, 368 F.3d 944, 954 (7th Cir. 2004) ("the non-moving party [must have] had an opportunity to submit affidavits or other evidence and contest the issue.").

### B.  Best's Fifth Amendment Claim

Best also contests the district court's ruling that his Fifth Amendment right against self incrimination was not violated because the case did not go to trial. In the district court Best argued that his Fifth Amendment rights were violated because statements elicited from him in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), were used against him at the suppression hearing, which led to his continued confinement awaiting trial. As the district court understood things, any statements Best made to police were never used against him in a "criminal case," meaning a trial, because the prosecutor dismissed the charges before trial. *See Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003) (plurality opinion). But we have not adopted the narrow view that use in a "criminal case" means "at trial." *See Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026-27 (7th Cir. 2006). In *Sornberger*, we held that the use of a suspect's unwarned statements at an arraignment, probable cause hearing, and bail hearing constituted use of the statements in a "criminal case" in a manner sufficient to implicate the self-incrimina-

tion clause of the Fifth Amendment. *Id.*; *accord Higazy v. Templeton*, 505 F.3d 161, 173 (2d Cir. 2007). Here, Best alleges that statements he made were used in violation of the Fifth Amendment long after charges were initiated against him, at a suppression hearing. Under *Sornberger*, that is enough to allege that the statements were used in a "criminal case" in violation of the Fifth Amendment so the district court should not have granted summary judgment to the officers on the basis that his unwarned statements were not used against Best. And as with the Fourth Amendment claims, there is not enough of a record for us to affirm on an alternative basis, so we remand without expressing any opinion on the merits of Best's Fifth Amendment claim.

### III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment to the city, we REVERSE the court's grant of summary judgment to the officers on Best's claims under the Fourth and Fifth Amendments, and we REMAND for proceedings consistent with this opinion.