**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2011[*]
Decided August 18, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1188

| | |
|---|---|
| JUSTIN MICHAEL TRUCKEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-cv-414-bbc |
| JANEL NICKEL, et al., *Defendants-Appellees.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Justin Truckey filed suit under 42 U.S.C. § 1983, claiming, as relevant here, that two prison guards allowed another inmate to enter his cell and rape him six times. The district court concluded that Truckey had failed to exhaust his administrative remedies before filing suit, and thus granted the defendants' motion for summary judgment. Truckey appeals, and we affirm that ruling.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

Truckey is incarcerated at the Columbia Correctional Institution in Wisconsin. In his complaint he alleges that, on six occasions between October 2009 and January 2010, guards Thomas Timm and Cherie Berrett allowed another inmate into his cell. At the time, says Truckey, his cell was labeled as "red tag" or "do not double" to indicate that no other inmate was to be allowed access. The guards knew about this restriction, he adds, but nonetheless permitted the alleged assailant to enter. As a result, Truckey continues, he was sexually assaulted multiple times.

Although the last of the alleged attacks occurred in "early January 2010," Truckey did not report any of them until March 10 when he gave a handwritten note to an unidentified staff member. The next day Truckey also reported the assaults orally to a prison sergeant. Prison administrators promptly dispatched two investigators, who interviewed Truckey and his alleged assailant, as well as another alleged victim and several potential witnesses named by Truckey. The investigators concluded, however, that Truckey had falsely stated that his sexual encounters with the other inmate had been coerced. They issued a conduct report accusing him of lying, engaging in sexual conduct, and participating in the unauthorized transfer of property. According to the report, Truckey had confessed that the sexual activity was consensual, even though initially he didn't view the other inmate as "a desirable sexual partner." Truckey had also admitted receiving canteen items from the other inmate in exchange for sex, and had told the investigators that he was justified in calling their consensual encounters rapes because he did not feel that the other inmate had satisfied his sexual needs. A hearing officer found Truckey guilty of all three charges and gave him 180 days of disciplinary segregation. After Truckey's administrative appeal was denied, he asked the warden to reconsider the disciplinary decision. On June 7, 2010, the warden denied Truckey's request.

Four days later, on June 11, Truckey submitted his first grievance against Timm and Berrett through the Inmate Complaint Review System ("ICRS"). That grievance ignores the findings of the investigators and the hearing officer and accuses the two guards of allowing the other inmate unsupervised access to Truckey's cell. The complaint examiner rejected this grievance as untimely, reasoning that it was submitted more than 14 days after "the occurrence giving rise to the complaint" and that Truckey had not asserted that he had good cause for the delay. Truckey's administrative appeal was denied.

Truckey then sued Timm and Berrett (he also named as defendants four other prison employees but has abandoned his claims against them). In his complaint, which asserts an Eighth Amendment claim for failing to protect him from the other inmate, Truckey says that he waited until March 2010 to report the incidents—two months after the last of the six—because that is when he felt a renewed "fear [of] further injurious violations of his

body" (though he doesn't say what prompted this fear). Timm and Berrett moved for summary judgment, arguing that Truckey had not exhausted his administrative remedies because he didn't submit the grievance about their alleged conduct until June 11, 2010, five months after the last alleged rape and well after the prison's 14-day filing deadline.

In response Truckey insisted that he couldn't use the formal grievance procedures until after reporting the sexual assaults informally through the "chain of command." Thus, according to Truckey, the 14-day period did not start running until June 7 when the warden denied his request for reconsideration of the disciplinary sanction. It was only then, Truckey reasoned, that his allegations had been passed up the "chain of command" informally. This informal-reporting requirement, Truckey said, is found in § DOC 310.09(4) of the Wisconsin Administrative Code, which sets out the rules for submitting grievances. That administrative provision includes language stating that a complaint examiner, before accepting a grievance, "may direct the inmate to attempt to resolve the issue." Truckey reads this provision to *require* an attempt at informal resolution before submitting a grievance, even though, read literally, the provision simply gives the complaint examiner discretion to respond to a timely grievance by delaying consideration until after an informal workout has been attempted. The provision makes no reference, moreover, to a "chain of command," nor does any other evidence that was submitted at summary judgment. The district court was not persuaded by Truckey's contention and granted the guards' motion for summary judgment. The court noted that, although a delay in reporting a sexual assault might conceivably be explained by "psychological trauma" or a "reasonable fear about the repercussions," Truckey had not identified any such reason for his untimely grievance or addressed the issue of "good cause."

On appeal Truckey renews his contention that his grievance about Timm and Berrett was timely if the purported requirement for informal resolution through the "chain of command" is taken into account. But this purported requirement, he now says, is found not in § DOC 310.09(4) but in a prison policy, and as evidence he appends to his brief in this court an unauthenticated document from the prison titled "Chain of Command," which was not submitted at summary judgment. And though Truckey concedes that the defendants "technically" are correct that the last sexual encounter in January 2010 started the 14-day period for submitting a grievance, he now argues for the first time that he had good cause for waiting to act. The other inmate, he says, managed to silence him with threats until March 2010 when his fear of renewed attacks finally gave him the courage to speak up. Truckey's new evidence of the purported prison policy and his factual contention regarding good cause, however, were not presented at summary judgment, and so we need not say more about them. *See Best v. City of Portland*, 554 F.3d 698, 702 (7th Cir. 2009); *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005); *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004).

We review the district court's grant of summary judgment de novo, drawing all reasonable inferences in favor of Truckey. *See Crews v. City of Mt. Vernon*, 567 F.3d 860, 864 (7th Cir. 2009). Before filing suit in federal court, Truckey was required to exhaust his administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To meet this exhaustion requirement, Truckey needed to follow the prison's established grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). That includes meeting grievance deadlines. *Woodford*, 548 U.S. at 90-91; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Wisconsin's ICRS procedure requires that a grievance be submitted "within 14 calendar days after the occurrence giving rise to the complaint," though late grievances may be accepted upon a showing of good cause. *See* Wis. Admin. Code § DOC 310.09(6).

In order to determine whether Truckey's grievance was timely, we must identify the "occurrence" underlying that June 11 submission. The grievance alleges that six times between October 2009 and January 2010 guards Timm and Berrett allowed Truckey's assailant to enter his cell in violation of prison policy and without his consent. Truckey's grievance (and his lawsuit) concern the defendants' accountability for the six lapses in security, all of which occurred two to five months before Truckey first reported the attacks to a prison official in March, and five to seven months before he submitted his inmate grievance in June. Because his grievance was tendered well beyond the 14-day deadline, Truckey failed to exhaust his available administrative remedies.

As for Truckey's arguments that he was required to first informally report the assaults through the chain of command and that the investigation of his allegations of sexual assault somehow tolled the grievance deadline, neither is persuasive. First, at summary judgment Truckey failed to present evidence of an informal-reporting requirement. The only authority he cited in support of his position, § DOC 310.09(4), would not have been triggered until *after* Truckey submitted his grievance in June, and even then the provision leaves it up to the complaint examiner's discretion whether to require an attempt at informal resolution. Thus, a finder of fact could not conclude from this record that Truckey was excused from meeting the 14-day deadline because he was diligently complying with a mandatory, informal-reporting requirement. Second, and more importantly, even if Truckey had been told in March 2010 to attempt an informal resolution of his grievance with these defendants, that would not change the fact that the 14-day period had started in January and already ended long before Truckey first reported the alleged attacks in March. An untimely, informal report to a prison official cannot extend or resurrect a grievance deadline that has already expired.

Accordingly, we AFFIRM the district court's judgment.